### W. E. WHITE V. THE STATE.

No. 10998.  Delivered June 8, 1927.

Rehearing denied November 2, 1927.

**1.—Transporting Intoxicating Liquor—Argument of Counsel—No Error Shown.**

On a trial for transporting intoxicating liquor several witnesses for the state and appellant having testified, the challenge of state's attorney to appellant to explain what appellant was doing crouched down between the front and rear seats of the automobile, and why the broken bottles of whiskey happened to be found in the road behind the car, could not be construed as reference to appellant's failure to testify.

**2.—Same—Continued.**

It is well settled in this state that an argument of the prosecuting attorney relative to a failure to produce testimony or to explain evidence in the case, cannot be construed as a reference to the failure of the appellant to testify, where there are other parties who could give such testimony or other sources from which such evidence could be obtained.  See Jones v. State, 214 S. W. 327.

#### ON REHEARING.

**3.—Same—No Error Shown.**

On rehearing appellant raises the same questions that were discussed as the original opinion, in which we think the proper disposition of the case was made, and the motion is therefore overruled.

Appeal from the District Court of Polk County.  Tried below before the Hon. J. L. Manry, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*S. F. Hill* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of unlawfully transporting intoxicating liquor, and his punishment assessed at one year in the penitentiary.

The record discloses that the appellant was charged by indictment with the unlawful transportation of intoxicating liquors on or about the 23rd day of May, 1926. It appears that the sheriff, Holliday, the County Attorney, Foreman, and two deputy sheriffs, after obtaining a search warrant to search the car of one Guy Ketchel, went in an automobile about 9 p. m. on the date of the alleged offense and overtook and passed on the public highway Ketchel and his wife and the appellant as they were rapidly driving a Ford automobile, all three of them occupying the front seat. After passing the automobile in which appellant was riding, the sheriff and his associates stopped their car on a bridge, thus blocking the highway, and flagged down the Ketchel car as it neared the bridge. When the officers approached the Ketchel car, appellant was crouched between the two seats of the car and the rear cushion was raised. The officers testified that at this time they could smell the odor of whiskey, but they were unable to find any liquor upon searching the car. However, the two deputies went back up the road in the direction from which the Ketchel car had come and discovered in the road a recently broken quart bottle that had contained whiskey. The County Attorney, upon obtaining a flash light and searching in the weeds near the Ketchel car, found a quart of whiskey, and in close proximity thereto another quart was found. The sheriff and his deputies thereupon arrested Ketchel, Ketchel's wife and the appellant, took them to town and placed them in jail. On the following morning the sheriff and one of his deputies returned to the scene of the arrest and found nearby two more quarts of whiskey.

It was the contention of the state that the whiskey in question was being transported in Ketchel's car and that appellant, upon observing that the officers had blocked the road, climbed back into the rear part of the car and threw the whiskey away.

The appellant failed to testify, but defended upon the ground that the evidence was insufficient to authorize his conviction.

The court in his general charge properly charged the jury on the law of principals and circumstantial evidence, and at the requets of appellant gave to the jury special charges Nos. 1 and 4. Special charge No. 1 was to the effect that, although the jury should believe from the evidence that the intoxicating liquor was transported in Guy Ketchel's car, the mere presence of appellant in the car at the time was not sufficient to show his guilty connection therewith, and unless they found from the evidence to a moral certainty that appellant knew of the

presence of said intoxicating liquor, and that same was being unlawfully transported, they should acquit him. Special charge No. 4 was to the effect that, in order to sustain a conviction, it should appear not only that an offense had been committed, but there should also be proof establishing the fact that the appellant was the person who committed, or who was a participant in the commission of, said offense to a degree of certainty greater than mere probability or strong suspicion, and that there must be legal and competent evidence pertinently identifying appellant with the transaction constituting the offense charged against him, and unless they so found they should acquit him.

The appellant complains of the refusal of the court to give in charge to the jury his special charges Nos. 2 and 3. Special charge No. 2 was to the effect that, although the jury believed from the evidence that the intoxicating liquor was transported in the Ketchel car, they could not convict the appellant unless they further believed from the evidence that appellant aided by acts or encouraged by words the transporting of said liquor. We are of the opinion that there was no error in the refusal of this charge, in view of the court's general charge and special charges Nos. 1 and 4, given at the instance of appellant. Furthermore, special charge No. 2 ignores altogether the issue as to the transportation of the whiskey by appellant.

The issues involved in special charge No. 3 are covered in appellant's special charge No. 1 given by the court.

Bill of exception No. 1 complains of the refusal of the court to give to the jury appellant's special charge No. 5, requesting that they not consider the opening argument of the District Attorney to the effect that the state relied for a conviction upon circumstantial evidence and the law of principals, and that when counsel for appellant got up to argue the case before the jury, he challenged them to explain what appellant was doing crouched down between the front and rear seats of the automobile, and to explain why the back seat was turned up, and how the broken bottle of whiskey happened to be in the road behind the car. It is the contention of the appellant that this argument was an indirect reference to the failure of the appellant to testify in his own behalf. We are not in accord with this contention. In Wooten v. State, 94 S. W. 1060, and Walker v. State, 145 S. W. 904, this court held that argument similar to that in the instant case did not refer to the failure of the appellant to testify. It is a well settled doctrine in this state that an argument of the prosecuting attorney relative to a

failure to produce testimony, or to explain evidence in the case, cannot be construed as referring to the failure of the appellant to testify where there are other parties who could give such testimony, or other sources from which such evidence could be obtained.    Jones v. State, 214 S. W. 327.    In the instant case the bill fails to show that either Ketchel or his wife was ever indicted for this offense, and there is nothing in the bill to preclude this court from inferring that they would have been competent witnesses for the appellant, and that the argument of the District Attorney could have referred to the failure of the appellant to produce them as witnesses.    The mere fact that Ketchel and his wife were arrested along with the appellant raises no presumption that they were indicted for the same offense, and even if they were indicted, there is nothing to indicate that they had not been tried and acquitted at the time of appellant's trial.    In order for a bill of exception to be sufficient, it must, of itself, manifest the error complained of.    It is also a well settled doctrine in this state that the ruling of the trial court is presumed to be correct unless the contrary is affirmatively shown by the bill of exception.    This bill, as presented, shows no error.

Finding no error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—Appellant, in his motion for rehearing, raises the same questions that were discussed in the opinion on the original hearing, in which we think the proper disposition of the case was made.

The motion is therefore overruled.          *Overruled.*