Myra Lee **HARRIS,** Appellant,

v.

The **STATE** of Texas, Appellee.

No. 030–82.

Court of Criminal Appeals of Texas, En Banc.

Oct. 26, 1983.

Rod E. Wetsel, Sweetwater, for appellant.

Rusty Carroll, Dist. Atty., Sweetwater, Robert Huttash, State's Atty. and Alfred Walker, First Asst. State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Judge.

This is a petition for discretionary review brought by the appellant from the Eleventh Supreme Judicial District Court of Appeals in Eastland. Appellant was convicted of injury to a child, and punishment was assessed at twenty years' confinement and a $10,000 fine. The sole ground to be reviewed is whether the Court of Appeals erred in holding that the trial court properly admitted into evidence a color photograph taken of the victim after an autopsy.

Dr. Joe Hall testified that he performed an autopsy on the seven-month-old female victim. An external examination of the child revealed an underweight child with an extensive diaper rash, discoloration of the skin and erosion of the skin surface around the genital and upper leg area. The external examination of the child's skull revealed no injury. Dr. Hall testified that he deflected the child's scalp in order to further examine the skull. When the scalp was so deflected, it became apparent that there were areas of hemmorrhage or bruising in the deep tissue of the scalp. Underlying one of the bruises on the left side of the scalp, the doctor found a depressed fracture of the skull. At the lower portion of the depression, Dr. Hall found an inch long linear fracture. The child's death resulted from the depressed skull fracture which caused pulmonary edema (a collection of fluids in the lungs). Dr. Hall testified that just by looking at the child's head the injury was not visible—only after the scalp was pulled back was it apparent. State's Exhibit 6, a color photograph showing the child's skull after the skin had been deflected back, was then admitted over appellant's objection. The depressed fracture is clearly visible. Appellant maintains that admission of this photograph constituted reversible error.

In *Martin v. State,* 475 S.W.2d 265 (Tex. Cr.App.1972), this Court set out a new rule regarding the admission of photographs into evidence.[1]

"... [I]f a photograph is competent, material and relevant to the issue on trial, it is not rendered inadmissible merely because it is gruesome or might tend to arouse the passions of the jury, unless it is offered solely to inflame the minds of the jury. If a verbal description of the body and the scene would be admissible, a photograph depicting the same is admissible." (footnotes omitted) *Martin v. State,* 475 S.W.2d at 267.

*Martin* also set out that the determination as to the admissibility of photographic evidence is left to the trial court's discretion. See also, *Brasfield v. State,* 600 S.W.2d 288 (Tex.Cr.App.1980).

Appellant argues that we should enunciate a rule which distinguishes between pre-autopsy and post-autopsy photographs. This we decline to do.

In the only case which we found where this Court has found error in the admission of post-autopsy photographs, the Court found that such photographs did not aid the finder of fact in determining the injuries alleged to have been inflicted by the defendant, but rather they emphasized the "mutilation of the victim caused by the surgery in performing the autopsy." *Terry v. State,* 491 S.W.2d 161, at 164 (Tex.Cr. App.1973). It is clear that the purpose of admitting a photograph is like that of any other piece of evidence. It is to be used as an aid in interpreting and understanding the testimony adduced at trial. *Taylor v. State,* 491 S.W.2d 922 (Tex.Cr.App.1973); *Martin v. State,* supra. Thus, where pictorial evidence will help the jury to understand verbal testimony, such as the technical language used by a medical doctor in describing the injuries sustained by a victim of a crime, a trial judge does not abuse his discretion in admitting these photographs. *Williams v. State,* 604 S.W.2d 146 (Tex.Cr. App.1980); *Bailey v. State,* 532 S.W.2d 316 (Tex.Cr.App.1975); *Griffin v. State,* 150

---

1. Prior to *Martin v. State,* supra, the rule was that gruesome photographs were not admissible unless they tended to solve a disputed fact issue. *Burns v. State,* 388 S.W.2d 690 (Tex.Cr. App.1965). *Burns v. State,* supra, was overruled in *Martin v. State,* supra.

Tex.Cr.R. 27, 198 S.W.2d 587 (1946). This is true even if the photographs were taken during or after an autopsy. The determination must be made on a case by case basis.

In the instant case the pathologist testified that the skull fracture was only visible after the skin had been deflected from the victim's skull. Clearly, the procedures employed during the autopsy did not "obfuscate the results of the crime", *Bailey v. State,* supra, at page 321, but enabled the jury to actually see the injury which resulted in the child's death. The photograph illustrated and clarified Dr. Hall's description of the injuries, and no error is reflected in its admission.

The judgment of the Court of Appeals is affirmed.

TEAGUE, J., dissents.