In The

Court of Appeals

For The

First District of Texas

____________

NO. 01-00-01298-CR

____________


SHANNON DEAN MARSHALL, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 338th District Court 

Harris County, Texas

Trial Court Cause No. 834,438






O P I N I O N

 Appellant was charged by indictment with capital murder. Appllant pled not guilty,
and, after a jury trial, the jury found appellant guilty of the lesser included offense of murder. 
The jury assessed punishment at 35 years in prison. 

 

 BACKGROUND

 On January 19, 2000, appellant and his friend, Josh Ciruti, went to Rick Trifilio's
house. Trifilio's parents heard a gunshot in their garage around 10:00 p.m. The Trifilios
went to their garage and found their son lying in a pool of blood. They called the police. 
Trifilio died of a shotgun wound to the neck. 

 After talking with Trifilio's parents, the police officers suspected Josh Ciruti and his
girlfriend Shalinda Hartwell. The officers took a statement from Hartwell, who told the them
that Ciruti and his friend, appellant, had been involved in the shooting. On January 21, 2000,
the officers went to Ciruti's grandfather's house and found him hiding behind a shed. The
officers arrested Ciruti.

 On January 24, 2000, the police arrested appellant. The officers advised appellant of
his rights, and, initially, appellant agreed to speak to them. During his talk with the officers,
appellant changed his mind and requested an attorney. At that point, the officers ended their
interview and transferred appellant to jail.

 On January 27, 2000, appellant's father contacted Detective Alonzo Craft and told
him that appellant wanted to speak to him. Appellant waived his statutory rights to an
attorney and told Craft what happened on the night of Trifilio's murder. Appellant told Craft
that he and Ciruti got a ride and were dropped off behind Trifilio's house. Ciruti and
appellant were carrying a .22 caliber rifle and a shotgun. Ciruti and appellant climbed over
Trifilio's fence just as Trifilio was pulling into his driveway. Appellant told Craft that Ciruti
was carrying the shotgun as he approached Trifilio, and Trifilio asked Ciruti what was going
on. Ciruti then shot Trifilio, and appellant grabbed a .45 caliber pistol from Trifilio and
Ciruti took his wallet. Craft asked appellant if he had gone to Trifilio's house for money and
guns, and he responded affirmatively. Appellant told Craft that he saw Ciruti throw Trifilio's
wallet under Ciruti's house. While making his confession to the officer, appellant drew a
map of where they could find Trifilio's wallet. After appellant gave his statement, the
officers went to Ciruti's house and found Trifilio's wallet. Appellant was charged with and
tried for capital murder. 

DISCUSSION


Variance

 Under his first point of error, appellant argues that the trial court committed reversible
error by "denying his motion for verdict of acquittal and by submitting a charge to the jury
at variance between the pleading and the proof." 

 We note that appellant's point of error is multifarious, but address it in the interest of
justice. At trial, appellant moved for acquittal because the indictment alleged the victim's
name was "Ricardo Jose Trifilo" whereas the proof at trial showed that the victim's name
was "Ricardo Jose Trifilio." The judge overruled appellant's objection and denied his
motion for acquittal based on the rule of idem sonans. We agree with the trial court.

 Under settled case law, a variance between the allegation and proof of a name will not
impugn the validity of a judgment of conviction so long as the names sound alike or the
attentive ear finds difficulty distinguishing them when pronounced. Farris v. State, 819
S.W.2d 490, 496 (Tex. Crim App. 1990). If a question arises whether two spellings are idem
sonans, it is an issue of fact for the jury. Unless the two are patently incapable of sounding
alike, a failure to request submission of the issue for jury consideration will defeat any claim
of a variance on appeal. Farris, 819 S.W.2d at 496. Pronunciation rather than spelling is the
key to resolving this issue. Farris, 819 S.W.2d at 496. 

 In the case before us, appellant failed to request a jury issue on the question of
pronunciation, and we are not convinced that the two names are incapable of being
pronounced alike. Accordingly, we find the variant spelling is not fatal to appellant's
conviction. 

 Appellant also claims that the trial court erred by submitting a jury charge that did not
comport with the indictment. At trial, appellant objected to the jury charge because it did not
"track the indictment." After appellant's motion for acquittal was denied, the court corrected
the spelling of the victim's name in the charge so the charge the jury received had the name
spelled correctly. If error in a charge was the subject of a timely objection in the trial court,
then reversal is required if the error is calculated to injure the rights of defendant, which
means no more than that there must be some harm to the accused from the error. Almanza
v. State, 686 S.W. 2d 157, 171 (Tex. Crim. App. 1984).

 Appellant has failed to show any harm he suffered as a result of the different spellings. 
We find that the error was harmless, and we overrule appellant's first point of error. 

Coerced Statement

 Under his second, third, and fourth points of error, appellant argues that the trial court
erred by failing to suppress: (1) his oral confession following a Jackson-Denno hearing, (2)
a map made during that confession, and (3) a wallet found as a result of that confession. 
Appellant argues that his oral confession was involuntary and coerced and the map and
wallet were obtained as a result of the involuntary and coerced confession. 

 "[A] defendant in a criminal case is deprived of due process of law if his conviction
is founded, in whole or in part, upon an involuntary confession, without regard for the truth
or falsity of the confession, and even though there is ample evidence aside from the
confession to support the conviction." Jackson v. Denno, 378 U.S. 368, 376, 84 S.Ct. 1774,
1780 (1964); Dewberry v. State, 4 S.W.3d 735, 747 (Tex. Crim. App. 1999). The defendant
has a right to object to the use of the confession and the right to a hearing to determine
whether the confession was voluntary. See id., 378 U.S. at 377, 84 S.Ct. at 1780. The trial
court is the sole fact-finder in a Jackson v. Denno hearing and may choose to believe or
disbelieve any or all of the witness testimony. See Green v. State, 934 S.W.2d 92, 98-99
(Tex. Crim. App. 1996); Dewberry, 4 S.W. 3d at 747. The trial court's decision is measured
by an abuse of discretion, and we are not at liberty to disturb any finding that is supported
by the record. See id. at 747.

 The trial court made findings of facts and conclusions of law. According to those
findings of fact and conclusions of law, on January 24, 2000, appellant was arrested and
taken to an interview room and was given his statutory warnings pursuant to article 15.17(a)
of the Texas Code of Criminal Procedure. Appellant signed a statement indicating that he
understood his rights; he waived those rights and agreed to speak with Detective Craft and
Detective Jones. Appellant spoke to the detectives for awhile and then told them that he no
longer wished to talk to the detectives and requested an attorney. Upon appellant's request
for an attorney, Detective Craft and Detective Jones stopped talking to appellant.

 On January 27, 2000, Howard Marshall, appellant's father, told Detective Craft that
he had just visited his son in Harris County jail and appellant wished to talk to the police. 
Craft informed appellant's father that appellant had requested an attorney a few days earlier
and he could not speak to appellant unless he waived his right to an attorney. Howard
Marshall explained to the detective that his son had asked him to call Craft because he had
some information and wanted to speak to him. Craft told Marshall that he would go see
appellant the next day. 

 On January 28, 2000, Detective Craft and Detective Pettigrew went to speak to
appellant and said, "I understand you want to talk to me." Appellant responded that he did
want to speak to the detectives. Craft went over appellant's statutory rights and informed
appellant that he could not speak with him until he waived his right to an attorney. The
detectives did not get a written waiver. Appellant waived his rights and told the detectives
where the victim's wallet was located. Appellant drew a map of the location of the wallet
and explained to the detectives how he knew its location.

 Appellant argues that he did not confess of his own free will. Specifically, appellant
claims that, because he was extremely upset and crying during the interrogation, he did not
"voluntarily, knowingly, and intelligently" give his statements. Appellant argues that he told
the police he had been having nightmares and could not eat or sleep and also emphasizes that
he only has a ninth grade education. Because the trial court is the sole fact-finder and the
record supports the trial court's conclusions, we hold the trial court did not abuse its
discretion in denying appellant's motion to suppress. We overrule appellant's second point
of error. Because appellant's third and fourth points of error rely on the premise that his
statement was coerced and involuntary, we find that the wallet and the map were properly
admitted. Accordingly, we overrule appellant's third and fourth points of error. 

Hearsay Statements 

 Under his fifth point of error, appellant argues that the trial court erred by allowing
into evidence Josh Ciruti's hearsay statements made during a police interrogation. Appellant
argues that the trial court improperly overruled his hearsay objections to Detective Craft's
testimony. 

 Detective Craft testified about the statements Josh Ciruti made during an
interrogation. Detective Craft testified that Ciruti told him that Ciruti and appellant had gone
to the victim's house and Ciruti was the one who shot the victim accidentally with a shotgun. 
Appellant took the stand and testified on his own behalf. Appellant testified that he and
Ciruti went to the victim's house and Ciruti accidentally shot the victim with a shotgun. 
Detective Craft's testimony and appellant's testimony were the same, and appellant's
testimony was brought in voluntarily without objection. Therefore, appellant waived his
earlier objection. If a defendant objects to the admission of evidence but the same evidence
is subsequently introduced from another source without objection, the defendant waives his
earlier objection. Massey v. State, 933 S.W.2d 141, 149 (Tex. Crim. App. 1996). We
overrule appellant's fifth point of error. 

Relevancy Objection

 In his sixth point of error, appellant claims that the trial court erred by overruling his
relevancy objection to State's witness Derek Hale's testimony that appellant was in jail at the
time of the trial. During his testimony, the State asked Hale who he had been sitting next to
in the holdover cell. Hale replied that he had been sitting next to appellant. On appeal,
appellant contends the probative value of the testimony was outweighed by its prejudicial
effect. However, in the instant case, no rule 403 objection was made. Appellant only
objected to the relevancy of the evidence and failed to request the court to do a balancing
test. After a trial court determines that evidence is relevant, a defendant must further object
that the probative value of the evidence is substantially outweighed by its prejudicial effect
pursuant to rule 403. See Long v. State, 823 S.W.2d 259, 271 (Tex. Crim. App. 1991) 
(holding that trial judge does not sua sponte engage in balancing probative value against 
prejudice, but does so only upon invoking rule 403 by party opposing admission of
evidence). Therefore, appellant's complaint is not preserved for appellate review.

Motions for Mistrial

 Under his seventh point of error, appellant argues that the trial court erred in denying
his motion for mistrial after the prosecutor asked appellant on cross-examination, "[W]hat
time did they bring you all over here in the jail?" Appellant objected as to relevance and the
judge sustained appellant's objection. Appellant then asked for an instruction to disregard
and the judge granted the instruction. Appellant moved for a mistrial and the judge denied
the motion for mistrial.

 A mistrial is a device used to halt trial proceedings when error is so prejudicial that
expenditure of further time and expense would be wasteful and futile. Ladd v. State, 3
S.W.3d 547, 567 (Tex. Crim. App. 1999). The determination of whether a given error
necessitates a mistrial must be made by examining the particular facts of the case. Id. at 567. 
 The asking of an improper question will seldom call for a mistrial, because, in most cases,
any harm can be cured by an instruction to disregard. Id. at 567. A mistrial is required only
when the improper question is clearly prejudicial to the defendant and is of such character
as to suggest the impossibility of withdrawing the impression produced on the minds of the
jurors. Id. at 567 A trial court's denial of a mistrial is reviewed under an abuse of discretion
standard. Id. at 567.

 In the present case, the judge gave the following instruction to disregard:

 I'm instructing you to disregard . . . the last question by the prosecutor. And I'm also
giving you an instruction, which you will later get in writing, which is the fact that the
defendant has been arrested, confined or indicted or otherwise charged with the
offense, gives rise to no inference of guilt at his trial. 


 We find that the instruction to disregard was adequate and any error was cured by the
instruction. The trial court did not abuse its discretion. We overrule appellant's seventh
point of error. 

 Under his eighth point of error, appellant argues that the trial court erred by
overruling his motion for mistrial when the "the prosecutor placed before the jury a non-relevant extraneous offense." During the State's questioning of Eddie Wayne Jeffrey, the
following transpired:

 Q: There was a .22 involved in this case; that you heard information that you gave;
that you talked about in your sworn statement, right? 


 A: Right. Yeah. He said he robbed the house I was living in, and he got this .22
revolver.


Appellant's counsel objected, and the trial court sustained the objection. Appellant then
asked for an instruction to disregard and the trial court gave the following instruction:

 I'm now going to instruct you, the members of the jury, to disregard in the entirety the
answer given by this witness. You are not to consider the last answer for any purpose,
whatsoever. 


Appellant's counsel then moved for a motion for mistrial. We find that the instruction cured
any harm and the trial court did not abuse its discretion in overruling appellant's motion for
mistrial. See Ladd, 3 S.W.3d at 567.

 Under his ninth point of error, appellant argues that the trial court erred by deny his
motion for mistrial when Eddie Wayne Jeffrey testified he would get his throat cut when he
returned to his jail cell. During the State's questioning of Jeffrey about his sworn statement
he gave to the police, the following occurred:

 Q: As you read over it, you've admitted to some confusion. Are you still confused
about what you said in there?


 A: Some of it. Well, what that's going to do is, probably, get my throat cut when I get
back to my tank.


(Emphasis added.)


 Appellant objected to Jeffrey's answer as non-responsive, and the court sustained the
objection. The court then gave an instruction to the jury to disregard Jeffrey's answer. In
a conference outside the presence of the jury, the trial court told both the State and
appellant's counsel that it would give an instruction to disregard the statement and say
nothing else about the statement . The trial court informed both sides that they could clarify
Jeffrey's comments if they wished. Appellant's counsel moved for for a mistrial, and the
trial court denied it. Appellant's counsel did not ask any questions as to the comments during
cross-examination. We find that the trial court's instruction to disregard was sufficient to
cure any harm, and it did not abuse its discretion in overruling appellant's motion for
mistrial. Ladd, 3 S.W. 3d at 567. 

Admission of Photographs

 In his tenth and eleventh points of error, appellant claims that the trial court erred by
admitting autopsy and crime scene photographs into evidence. Specifically, he argues that
the probative value of the photographs was substantially outweighed by unfair prejudice. 

 Rule 403 provides that, although relevant, evidence may be excluded if its probative
value is substantially outweighed by the danger of unfair prejudice, confusion of the issues,
or misleading the jury. Sonnier v. State, 913 S.W. 2d 511, 519 (Tex. Crim. App. 1995). 
Ultimately, the admissibility of photographs over any challenge is within the sound discretion
of the trial judge. Id; Jones v. State, 843 S.W.2d 487, 500 (Tex. Crim. App. 1992). A trial
court does not err merely because it admits into evidence photographs that are gruesome. Id.
Where pictorial evidence will help the jury understand verbal testimony, such as the technical
language used by a medical doctor in describing the injuries sustained by a victim of a crime,
a trial court does not abuse its discretion in admitting these photographs. Harris v. State, 661
S.W.2d 106, 107 (Tex. Crim. App. 1983). 

 Here, the autopsy photographs were admitted to show injuries the victim suffered. 
The medical examiner used the photographs to describe the wounds, and the police used
them to help explain the crime scene. The photographs were also used to help determine the
veracity of appellant's and Ciruti's explanation that the shooting was an accident. 
Accordingly, we find that the trial court did not abuse its discretion by admitting them. See
id. at 106. 

 Appellant also complains that the trial court failed to make findings of facts and
conclusions of law. The trial court was not required to do so. See Long, 823 S.W. 2d at 271. 
The trial court was only required to conduct a balancing test pursuant to a rule 403 objection. 
Id. at 271. The record reflects that the trial court heard arguments from both sides as to the
probative value of the photographs and conducted the required balancing test. We overrule
appellant's tenth and eleventh points of error.

 We affirm. 



 Sam Nuchia

 Justice


Panel consists of Chief Justice Schneider and Justices Hedges and Nuchia .

Do not publish. Tex. R. App. P. 47.