Affirmed and Memorandum Opinion filed August 12, 2003









Affirmed and Memorandum Opinion filed August 12, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-02-00282-CR

____________

 

CEDRIC ELLIS, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 



 

On
Appeal from the 278th District Court

Walker County, Texas

Trial
Court Cause No. 20,809-C

 



 

MEMORANDUM   OPINION

Appellant,
Cedric Ellis, was charged by indictment with murder.  He entered a plea of not guilty, but a jury
convicted him as charged in the indictment and sentenced him to 99 years=
imprisonment.  On appeal, appellant
contends (1) the trial court erred in denying his motion for continuance; (2)
he received ineffective assistance of counsel; (3) an incompetent witness
testified; (4) the trial court failed to include a no-adverse-inference
instruction in the punishment charge; and (5) the trial court erred in
admitting autopsy photographs of the victim. 
We affirm.  








On
June 26, 2000, Huntsville Police answered a call at Ridgewood West
Apartments.  When police arrived,
appellant=s mother answered the door and informed the officers that
children were in the apartment.  The
officers ordered her to take the children and leave the apartment, which she
did.  The officers stood at the doorway
and saw the body of Leslie Bibbs, appellant=s wife, on the living room floor.  One officer spotted appellant near the
bathroom, pointing a gun to his temple and chin.  Moments later, appellant retreated to the
bathroom and closed the room.  At that
point, one officer ran to the victim and pulled her body out of the
apartment.  Appellant thereafter
surrendered himself to police.  

Motion
for Continuance

In
his first and second issues, appellant argues the trial court abused its
discretion when it denied his pro se request for a continuance.  Appellant claims he needed a continuance
because his counsel promised but failed to: (1) hire an investigator; (2) seek
counseling for appellant; and (3) have appellant evaluated as promised.  A ruling on a motion for continuance will
only be reversed for a clear abuse of discretion.  Janecka v. State, 937 S.W.2d
456, 468 (Tex. Crim. App. 1996).  To
establish an abuse of discretion in denying a motion for continuance, a
defendant must show he was actually prejudiced by the denial of his motion.  Id. 

On
the first day of trial, after the venire panel was dismissed for a shuffle,
appellant asked the trial court for a continuance to obtain another
attorney.  Appellant alleged his attorney
failed to address issues until the last minute, and thus, the attorney failed
to represent appellant to his fullest ability. 
Specifically, appellant said his counsel failed to obtain essential
witnesses but after the trial court questioned him extensively on the issue, he
admitted none of those alleged witnesses saw the murder.  Appellant never provided a list of those
alleged witnesses.  Subsequently, the
trial court denied the motion.  Appellant
proceeded with his original counsel and throughout the trial failed to call any
witnesses other than himself. 








Although
appellant alleges his counsel inadequately represented him, he failed to
establish any specific prejudice to his cause arising from the trial court=s
failure to grant his motion to continue the trial.  See Janecka, 937 S.W.2d
at 468.  Accordingly, appellant=s
first and second issues are overruled.

Ineffective
Assistance of Counsel

In
his third issue, appellant contends he received ineffective assistance of
counsel because his counsel failed to: (1) conduct an adequate voir dire examination; (2) advise
appellant that his statement would be contrary to the physical and scientific
evidence; (3) object to the voluntariness of appellant=s consent to search his apartment;
(4) object to the State=s argument during the guilt/innocence and punishment phases;
and (5) object to the court=s punishment charge that failed to contain a
no-adverse-inference instruction.  He
also contends his counsel pursued a trial strategy contrary to the
evidence.  We find, however, that
appellant failed to meet the test for ineffective assistance of counsel set
forth in Strickland v. Washington, 466 U.S. 668, 688B93 (1984).

Under
Strickland, appellant must demonstrate (1) counsel=s
performance was deficient and not reasonably effective and (2) the deficient
performance prejudiced the defense.  Id.  Essentially, appellant must show his counsel=s
representation fell below an objective standard of reasonableness, based on
prevailing professional norms, and there is a reasonable probability that, but
for his counsel=s unprofessional errors, the result of the proceeding could
have been different.  Id. at 693; Valencia
v. State, 946 S.W.2d 81, 83 (Tex. Crim. App. 1997).  








Judicial
scrutiny of counsel=s performance must be highly deferential, and we are to indulge
a strong presumption that counsel was effective.  Jackson v. State, 877 S.W.2d 768, 771
(Tex. Crim. App. 1994).  We presume
counsel=s
actions and decisions were reasonably professional and that they were motivated
by sound trial strategy.  Id.  Moreover, to rebut this presumption,
appellant must show, by a preponderance of the evidence, why trial counsel did
what he did.  Id.  Any allegation of ineffectiveness must be
firmly founded in the record and the record must affirmatively demonstrate the
alleged ineffectiveness.  McFarland v.
State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996), overruled on other
grounds by Mosley v. State, 983 S.W.2d 249, 263 (Tex. Crim. App.
1998).  If the record contains no
evidence of the reasoning behind trial counsel=s actions, we cannot conclude counsel=s
performance was deficient or speculate about the reasons behind trial counsel=s
actions.  Jackson, 877 S.W.2d at
771.

If
appellant proves his counsel=s representation fell below an objective standard of
reasonableness, he must still affirmatively prove prejudice as a result of
those acts or omissions.  Strickland,
466 U.S. at 693; McFarland, 928 S.W.2d at 500.  Counsel=s errors, even if professionally unreasonable, do not warrant
setting the conviction aside if the errors had no effect on the judgment.  Strickland, 466 U.S. at 691.  Appellant must prove that counsel=s
errors, judged by the totality of the representation, denied him a fair trial,
or his claim fails.  McFarland,
928 S.W.2d at 500.  

Appellant
fails to provide this Court with any evidence to affirmatively demonstrate the
ineffectiveness of his trial counsel.  He
did not file a motion for new trial, and the record contains no evidence of the
reasoning behind his trial counsel=s actions in failing to take the approach appellant suggested
above.  Thus, appellant has failed to
rebut the presumption that counsel=s actions were reasonably professional and motivated by sound
trial strategy. Additionally, appellant has not demonstrated his trial counsel=s
performance prejudiced his defense. 
Appellant=s third issue is overruled. 


Child
Witness 








In
his fourth issue, appellant contends the trial court erred in finding Tyler
Ellis, his son, (who was five-years-old at the time of trial) competent to
testify.  A witness is presumed competent
to testify.  Tex. R. Evid. 601(a); Dufrene v. State, 853 S.W.2d
86, 88 (Tex. App.CHouston [14th Dist.] pet. ref=d, 1993).  A child is
competent to testify unless it appears the child does not possess sufficient
intellect to relate the transaction about which he will testify. Dufrene,
853 S.W.2d at 88.  There is no
minimum age at which the child witness is competent; and inconsistencies in the
child=s
testimony, alone, do not establish incompetence to testify.  Long v. State, 770 S.W.2d
27, 29 (Tex. App.CHouston [14th Dist.] 1989), rev=d on other grounds,
800 S.W.2d 545 (Tex. Crim. App. 1990). 
A child no longer needs to understand the Aobligation of the oath,@ but must understand the obligation to be truthful.  Dufrene, 853 S.W.2d
at 88.    

The
child testified to his age, where he lived, and where he went to school.  He knew he once lived with both his parents,
and at the time of trial lived with his Ananna.@  He did say he did not
have a father, which he clarified by identifying appellant as his father, but
not any more.  The child also knew the
difference between the truth and a lie.  He said it would be a lie if he said his name
was AGeorge
Brown,@
or if he said he wearing white shoes when he had on black shoes.  

In
reviewing the child=s direct testimony, we must consider: (1) the competency of the
child to observe intelligently the events in question at the time of their
occurrence; (2) the capacity of the child to recollect the events; and the
capacity of the child to narrate the events. 
Dufrene, 853 S.W.2d at 88B9.  The child=s testimony was consistent with other evidence presented by the
State.  He testified: (1) the incident
occurred at night at the family=s apartment; (2) appellant got the gun from one of his friends;
(3) appellant shot the victim in the head and neck while she was on the couch;
(4) police came to the apartment and picked up the gun and put it in a bag; and
(5) he went to his granny=s house after the shooting. 


Sometimes,
however, the child struggled to answer questions, and his testimony contained
incorrect observations.  The victim had
seven gunshot wounds instead of the three that the child recalled.  The child could not always remember when and
where he met the prosecutor and defense counsel or whom he had told his story
to.  He mentioned appellant had two guns,
but then clarified that appellant originally had two guns but then threw one
down before he shot the victim.  








In
reviewing the child=s testimony, we find the child was competent to recollect and
narrate the events in question.  Although
his testimony does contain some confusing answers, that does not, in itself,
make him an incompetent witness.  See
Dufrene, 853 S.W.2d at 89.  Appellant=s
fourth issue is overruled.  

Jury
Instruction 

In
his fifth issue, appellant argues he suffered harm when the punishment charge
failed to contain a no-adverse-inference instruction on his failure to
testify.  Although appellant testified
during the guilt/innocence stage of the trial, he chose not to testify during
the punishment phase.  He failed to
request the instruction, and he did not object to its omission.  

Upon
a timely request, a defendant who does not testify during the punishment phase
is entitled to an instruction that the jury is not to draw any adverse
inference from his failure to testify.  Beathard
v. State, 767 S.W.2d 423, 432 (Tex. Crim. App. 1989).  A defendant waives that right by failing to
request the instruction or object to its omission.  See Brown v. State, 617 S.W.2d
234, 238 (Tex. Crim. App. 1981); Calderon v. State, 950 S.W.2d
121, 132 (Tex. App.CEl Paso 1997, pet. ref=d).  Accordingly,
appellant has preserved nothing for review. 
Id.  Appellant=s
fifth issue is overruled.

Autopsy
Photographs








In
his sixth issue, appellant argues the trial court erred in admitting autopsy
photographs of the victim because their prejudicial effect substantially outweighed
their probative value.  Under Rule 403,
an admissible photograph must have some probative value, and that value must
not be substantially outweighed by its inflammatory nature.  Tex.
R. Evid. 403; Rojas v. State, 986 S.W.2d 241, 249
(Tex. Crim. App. 1998).  We review a
trial court=s ruling in admitting autopsy photographs under an abuse of
discretion standard.  Wyatt v. State,
23 S.W.2d 18, 29 (Tex. Crim. App. 2000). 
Autopsy photographs are admissible, unless they depict mutilation of the
victim caused by the autopsy process.  Harris
v. State, 661 S.W.2d 106, 108 (Tex. Crim. App. 1983).   However, a court does not abuse its
discretion by admitting autopsy photographs that help illustrate and clarify a
medical examiner=s testimony.  Id.;
Drew v. State, 76 S.W.3d 436, 452 (Tex. App.CHouston [14th Dist.]
2002, pet. denied).  

The
trial court admitted autopsy evidence during the testimony of Dr. Jeffery
Bernard, the chief medical examiner for Dallas County and the director of the
Southwestern Institute of Forensic Sciences. 
Appellant alleges two of the autopsy photographs were inadmissible: one
depicts the right side of the victim=s head and the other shows the inside of her skull.  During his testimony, Bernard used the
photographs to explain that two wounds in the victim=s
head were so close together that when they entered her skull they shared a
common boundary.  In other words, the
victim had two separate entrance wounds in her scalp but once the bullets
entered her skull, Bernard could no longer tell which bullet entered the victim=s
brain and which one entered her eye. 
Because the photographs aided Bernard in his testimony, the court did
not err in admitting them.  See Harris,
661 S.W.2d at 108.  Accordingly, appellant=s
sixth issue is overruled.  

The
judgment of the trial court is affirmed. 


 

 

 

 

/s/        J.
Harvey Hudson

Justice

 

 

 

 

Judgment rendered and Opinion filed August
12, 2003.

Panel consists of Chief Justice Brister
and Justices Hudson and Fowler.

Do Not Publish C
Tex. R. App. P. 47.2(b).