In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-15-00340-CR
_____

TRACY LEE THORN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 75th District Court
Liberty County, Texas
Trial Cause No. CR31220

## MEMORANDUM OPINION

Tracy Lee Thorn pleaded guilty to aggravated assault with a deadly weapon and, per an instructed verdict, a jury found Thorn guilty and assessed a sentence of twenty years in prison. In one appellate issue, Thorn challenges the trial court's admission of an autopsy photograph into evidence at the punishment phase of trial. We affirm the trial court's judgment.

The admissibility of photographs is a matter within the trial court's discretion. *Desormeaux v. State*, 362 S.W.3d 233, 237 (Tex. App.—Beaumont

1

2012, no pet.). "When verbal testimony as to matters depicted in a photograph is relevant, then ordinarily the photograph is relevant evidence also." *Id*. "Relevant evidence is presumed to be more probative than unfairly prejudicial." *Id*. Even "relevant evidence may be excluded 'if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence.'" *Id*. (citing Tex. R. Evid. 403).

Thorn testified that, on the night of the offense, he and his brother, Bobby Smith, had been drinking. According to Thorn, Smith became angry over a prior assault against him, for which no one had been charged, and he vowed to "get to the bottom of it right now." At Smith's request, Thorn drove Smith to the Country Live Bar and went inside to ask for "Yo-Yo," a/k/a Yolanda Santos. After Thorn returned to his vehicle and told Smith that Santos was not at the bar, Smith told Thorn that he knew where Santos was and Smith then gave Thorn directions to the Oaks bar.

When they arrived at the bar, Smith got out of the vehicle. Thorn testified that he was intoxicated and fell asleep in his vehicle. Smith subsequently shot Santos outside the bar. Thorn testified that he did not see Smith with a firearm, but he was awakened by gun shots. Smith told Thorn that they should leave the bar

because there had been a shooting, so Thorn drove away. One witness testified that, before Thorn left the scene, she attempted to retrieve his car keys but Thorn struck her. Officers subsequently located the vehicle being driven by Thorn and in which Smith was the passenger. Officers collected two firearms from the vehicle. Thorn testified that he did not intend to participate in Santos's death, but he admitted to being a party to her murder.

During the punishment phase of the trial, forensic pathologist Dr. Merrill Hines III testified that he conducted Santos's autopsy. During Hines's testimony, the State sought to introduce several autopsy photographs into evidence. Hines testified that these photographs were taken during the autopsy and would assist the jury in understanding Hines's testimony. Defense counsel objected to admission of photograph 123 on grounds that its prejudicial effect outweighed any probative value. Photograph 123 depicted fractures to Santos's skull. The trial court overruled the objection. Hines subsequently testified that a "bullet passed through the skull fracturing the left side of the skull and fragmented continuing through the left side of the brain and caused bleeding around the brain, caused injuries directly to the brain tissue, and bruising of the surface of the brain." He explained photograph 123 depicted the "left side of the skull once the scalp and some of the muscles have been reflected to show the fractures of the skull." He testified that

this wound was very likely fatal and that Santos died from multiple gunshot wounds.

In his sole appellate issue, Thorn argues that photograph 123 had no "tendency to make the existence of any fact that was of consequence to the determination of the action at this stage of the case more probable or less probable than it would be without the evidence; therefore it was not relevant." Thorn contends that, because he did not shoot Santos, the photograph fails to show an injury that he caused. According to Thorn, even if relevant, the photograph was more prejudicial than probative and its admission caused harmful error.

The trial court instructed the jury on the law of parties. Thus, Thorn could be held criminally responsible for Santos's death, even though he was not the shooter. *See* Tex. Penal Code Ann. § 7.02(a) (West 2011); *see also Cain v. State*, 976 S.W.2d 228, 234 (Tex. App.—San Antonio 1998, no pet.) (A defendant can be criminally responsible even without evidence that he fired the shots that killed the victim.). In this case, the jury heard Hines testify that Santos died from multiple gunshot wounds. Photograph 123 depicted one such wound and allowed the jury to see the fractures caused by the bullet that entered Santos's skull. Photograph 123 was helpful to aid the jury in understanding Hine's verbal testimony regarding the injuries sustained by Santos. *See Harris v. State*, 661 S.W.2d 106, 107-08 (Tex.

4

Crim. App. 1983) (holding that trial court did not err by admitting autopsy photograph of child's deflected scalp to show skull fractures that caused the child's death.). The photograph is not so disturbing that a juror of normal sensitivity would find it difficult to rationally decide the critical issues involved in the case after viewing the photograph. *See Alvarado v. State*, 912 S.W.2d 199, 212 (Tex. Crim. App. 1995). The trial court did not err by admitting the photograph into evidence. We overrule Thorn's sole issue and affirm the trial court's judgment.

      AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on April 6, 2016
Opinion Delivered April 20, 2016
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.