**OPINION**

**Placido GUERRA, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13-81-371-CR.**

Court of Appeals of Texas,
Corpus Christi.

April 14, 1983.

Rehearing Denied May 5, 1983.

Lawrence A. Walsh, Walsh & Associates, Brownsville, for appellant.

Reynaldo Cantu, Jr., Dist. Atty., Brownsville, for appellee.

Before BISSETT, YOUNG and KENNEDY, JJ.

YOUNG, Justice.

Placido Guerra appeals from his conviction by a jury of involuntary manslaughter wherein his punishment was assessed by the trial court at imprisonment for seven years. We reverse.

The evidence shows that the victim, Celso Rodriguez, died from an abdominal hemorrhage resulting from the rupture of his liver and spleen. The injury was characteristic of blunt trauma. The victim's mother said that not long before his death her son had brought Irma Pena home with him and had slept with her. The decedent had known Irma for several years and had a picture of her in his house. Irma apparently was the defendant's girlfriend at the time of the pertinent events here and had married him by the time of the trial.

The evidence actually linking the appellant with Rodriguez' death consisted of the blood stains on his pants and some admissions made by the defendant to his friend, Jesus Alaniz, a police officer. Shortly after these admissions were made, Alaniz filed a police report. Alaniz began his testimony by saying that the appellant came to his apartment and said that he'd been involved in an altercation with his girlfriend's ex-boyfriend. Although Alaniz testified to additional statements of the appellant, they are not probative because he had no independent recollection of them, and the State did not properly introduce the police report as a past-recollection recorded. See *Welch v. State,* 576 S.W.2d 638, 640 (Tex.Cr.App. 1979).

The State's theory is that the appellant learned of his girlfriend's infidelity and sought revenge by beating Rodriguez to death with his fists. The evidence does not establish that the appellant learned that Irma slept with Rodriguez nor did it show that Rodriguez was the ex-boyfriend with whom the appellant had an altercation. Also, the testimony concerning the cause of death does not establish that it was due to the acts of the appellant. The pathologist stated that a contact with any blunt instru-

ment or surface could have produced the injuries. Nothing in the evidence shows that the appellant brought about that fatal contact.

We do not believe that the State excluded every other reasonable hypothesis as required in a circumstantial evidence case. *Wilson v. State,* 654 S.W.2d 465 (Tex.Cr. App.1983); *Stogsdill v. State,* 552 S.W.2d 481, 486 (Tex.Cr.App.1977). Accordingly, the judgment of conviction is reversed and reformed to reflect a judgment of acquittal. *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).