Placido GUERRA, Appellant,

v.

The STATE of Texas, Appellee.

No. 504–83.

Court of Criminal Appeals of Texas, En Banc.

Sept. 21, 1983.

Lawrence A. Walsh, Brownsville, for appellant.

Reynaldo S. Cantu, Jr., Dist. Atty. and Kirk Brush, Asst. Dist. Atty., Brownsville, Robert Huttash, State's Atty., and Alfred Walker, First Asst. State's Atty., Austin, for the State.

---

## OPINION

**PER CURIAM.**

Appellant was convicted of the offense of involuntary manslaughter and punishment was assessed at imprisonment for seven years in the Texas Department of Corrections. The Court of Appeals for the 13th Supreme Judicial District reversed and ordered an acquittal after finding the evidence insufficient. *Guerra v. State*, 654 S.W.2d 25 (Tex.App.—Corpus Christi, 1983).

The Court of Appeals held that certain statements made by the appellant to Jesus Alaniz had no probative value because the witness, Alaniz, had no independent recollection of the statements and the police report was not introduced into evidence.

The State has filed a Petition for Discretionary Review contending that the court below misconstrued the law regarding refreshing a witness' memory. In *Welch v. State*, 576 S.W.2d 638 (Tex.Cr.App.1979), relied upon by the Court of Appeals, this Court stated:

"When that present recollection fails, the witness may refresh his memory by reviewing memorandum made when his memory was fresh. After reviewing the memorandum, the witness must testify either his memory is refreshed or his memory is not refreshed. If his memory his refreshed, the witness continues to testify and the memorandum is not received as evidence." *Welch*, supra, at 641.

Here, after reviewing the memorandum, the witness, Alaniz, testified his memory was refreshed; thus, the memorandum was correctly not introduced and the witness "... continues to testify..." *Welch*, supra, at 641.

We do not decide if the evidence is sufficient when this testimony is considered. However, the case is remanded to the Court of Appeals for reconsideration of the sufficiency of the evidence in light of *Welch*, supra, and *Wood v. State*, 511 S.W.2d 37 (Tex.Cr.App.1974).

The State's Petition for Discretionary Review is granted and the case is remanded to the Court of Appeals for reconsideration in light of this opinion.