Placido **GUERRA**, Appellant,

v.

**STATE** of Texas, Appellee.

No. 13–81–371–CR.

Court of Appeals of Texas, Corpus Christi.

Aug. 31, 1984.

1. See Art. 7.05, subd. A(1)(b) Texas Business Corporation Act Vol. 3A, VATS.

Lawrence A. Walsh, Walsh & Associates, Brownsville, for appellant.

Reynaldo Cantu, Jr., Dist. Atty., Brownsville, Robert Huttash, State Prosecuting Atty., Austin, for appellee.

Before YOUNG, BISSETT, and KENNEDY, JJ.

## OPINION

YOUNG, Justice.

This is an appeal from a conviction for involuntary manslaughter. Punishment was assessed by the trial court at seven years. On original submission, we held that certain statements made by a witness (Officer Jesus Alaniz) had no probative value because 1) the witness had testified that he had no independent recollection of the statements, and 2) the State did not properly introduce the police report, from which the statements were taken, as a past-recollection recorded. Based upon this holding, we reviewed the remaining evidence, found it insufficient to support a conviction and ordered an acquittal.[1]

After granting the State's petition for discretionary review, the Court of Criminal Appeals found that the witness' memory was refreshed, and, therefore, the trial court was correct in not introducing the memorandum, and it remanded the case to this Court for reconsideration in light of *Welch v. State,* 576 S.W.2d 638 (Tex.Crim. App.1979).[2] Then, on appellant's Motion for Rehearing on Petition for Discretionary Review, after reconsidering appellant's contention that the record showed that the witness' memory was not refreshed, the Court of Criminal Appeals, in an unpublished opinion, remanded the case to us for reconsideration in light of *Collins v. State,* 602 S.W.2d 537 (Tex.Crim.App.1980), about whether the insufficiency of the evidence caused by the exclusion of the statements mandated the entry of an acquittal or a remand for a new trial.[3]

Officer Alaniz testified: 1) that appellant had told him he was involved in an altercation with an individual named Celso; 2) that appellant showed his hands to Alaniz and stated that they were somewhat swollen; and, 3) that appellant said that the punches he threw at the man were pretty solid. These statements are essential to a finding that the evidence is sufficient to support appellant's conviction.

The following testimony was elicited from Officer Alaniz on cross-examination.

"MR. WALSH: In other words, you don't have a present memory, you don't remember those facts presently. You remember what you testified to or what you just read that you testified to; is that not correct?

THE WITNESS: That is correct.

Q So speaking from your present memory, you don't remember if he named,

---

1. *Guerra v. State,* 654 S.W.2d 25 (Tex.App.—Corpus Christi 1983).

2. *Guerra v. State,* 668 S.W.2d 707 (Tex.Crim. App.1983).

3. *Guerra v. State,* No. 504–83 (Tex.Crim.App. March 14, 1984).

said Celso or not, do you? You don't remember that, presently, do you?

A No, sir.

Q Do you presently remember looking at—seeing that his hand was a little swollen, or is that refreshing your memory also?

A I don't presently remember that, sir. Just from what I read on the statement.

\*   \*   \*   \*   \*   \*

Q You don't presently remember whether or not he did say that any punches—the punches that he threw were pretty solid, do you?

A No, sir, I'm just basing myself on what I'm reading from the statement here."

In *Welch v. State*, 576 S.W.2d at 641, the Court set forth that:

"A witness testifies from present recollection what he remembers presently about the facts in the case. When that present recollection fails, the witness may refresh his memory by reviewing memorandum made when his memory was fresh. After reviewing the memorandum, the witness must testify either his memory is refreshed or his memory is not refreshed. If his memory is refreshed, the witness continues to testify and the memorandum is not received as evidence. However, if the witness states that his memory is not refreshed, but has identified the memorandum and guarantees the correctness, then the memorandum is admitted as past recollection recorded. *Wood v. State*, 511 S.W.2d 37 (Tex.Cr.App.1974)."

We believe that it is clear from the record that Officer Alaniz' testimony was not based upon a refreshed memory; rather, it was based totally upon the report itself. Furthermore, while it is true that the report could have been admitted as a past recollection recorded, the State did not undertake those steps necessary to properly do so. *See Carrillo v. State*, 634 S.W.2d 21 (Tex.App.—El Paso 1982, no pet.); *see also* 1 C. McCormick & R. Ray, Texas Law of Evidence Civil and Criminal, Sections 541–545, (Texas Practice 3rd Ed.). After reviewing *Collins*, we feel, however, that the correct course of action is to remand the cause for a new trial. While the report itself would have been admissible, since the trial court had already erroneously admitted the testimony as memory refreshed, the State did not undertake to offer the evidence as past-recollection recorded.

The judgment of the trial court is REVERSED, and the cause REMANDED for a new trial.

BISSETT, J., not participating.