Jackie Reagan **BULLARD**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. A14–84–855–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 30, 1986.

Rehearing Denied Feb. 27, 1986.

James W. Patterson, Houston, for appellant.

John Holmes Jr., Dist. Atty., James C. Brough, Bryan Lyn McClellan, Asst. Dist. Attys., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

SEARS, Justice.

Appellant was convicted by a jury of the murder of Jerome Johnson. The jury assessed punishment at fifteen years' confinement in the Texas Department of Corrections. In his appeal appellant asserts eleven grounds of error. We affirm the conviction.

Appellant claims in his first ground of error that the evidence was insufficient to support his conviction. He complains specifically that he was never positively identified as the person responsible for Johnson's death. Johnson was stabbed to death on March 27, 1984, in the parking area of Eve's, a nightclub on Houston's north side. The state called eight witnesses to the crime. The first, Barry Traver, was a patron of a club neighboring Eve's. He testified he saw a man in the parking area with a knife in his hand standing over the victim saying, "Kill the son-of-a-bitch." This man had dark hair and wore a blue shirt. Another man with blond hair and a tan shirt was holding the victim down. The witness saw the dark-haired man with the blue shirt enter the passenger side of a ¯car parked at the scene. The blond man got in the driver's side, and, after fighting off on-lookers, the two drove away.

Sam Reina, part owner of two clubs neighboring Eve's, testified that he saw a man with dark hair on the passenger side of the car. This man had longer hair than the driver and was smaller in build than the driver.

Thomas Edwards, part owner of two clubs neighboring Eve's, said the passenger of the car wore a blue shirt and had longer, darker hair than the driver. The passenger was more slender than the driver.

Walter Randall Sykes, the manager of Eve's, testified that *appellant* wore a blue shirt that evening and had long hair. He described appellant's hair as lighter than his companion's, Davis Renfro, and sun-streaked.

Sue Clinton, a waitress at Eve's, could not recall the color of appellant's shirt, but she knew Renfro's shirt was light-colored. She testified appellant had long, dark blond hair, but that Renfro's hair was darker.

Gena Rhodes, a schoolmate of appellant and a friend of Renfro, was with appellant and Renfro at Eve's on the night of March 27, 1984. She stated that she did not remember the color of appellant's shirt, but she knew Renfro's was light. Appellant's hair was brown and shoulder-length. She testified that later that evening appellant "said something about he stabbed someone."

Alicia Cramer, a patron of a neighboring club, testified she saw the participants arguing in the vehicle *prior* to the stabbing. She testified Johnson was in the middle of the front seat, between the driver and the passenger, when the passenger pulled him out and started hitting him. The driver then joined in the assault which culminated with the passenger stabbing Johnson. The passenger then punched the witness in the face as she attempted to intervene. She then lost consciousness and her further recollections are not clear.

Finally, Thomas Tullos, the doorman at Eve's and a long-time friend of appellant, testified *appellant* wore a blue shirt and had lighter, shoulder-length hair. He was of a smaller build than Renfro. *Appellant* was the passenger in the car at the scene and carried a buck knife on his person most of the time.

■ The standard for review in both direct and circumstantial evidence cases is whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Houston v. State*, 663 S.W.2d 455, 456 (Tex. Crim.App.1984) (en banc) (opinion on motion for rehearing). Moreover, the evidence will be reviewed in the light most favorable to the verdict or judgment. *Id.* The jury is the exclusive judge of the facts, the credibility of the witnesses, and the weight to be given their testimony. *Penagraph v. State*, 623 S.W.2d 341, 343 (Tex. Crim.App.1981). It is within the jury's

province to accept one version of the facts and reject another. *Id.* Viewing all the evidence in the light most favorable to the verdict in this case, we hold that the jury could reasonably have found the evidence sufficient to prove beyond a reasonable doubt that appellant was guilty of the murder. Accordingly, we overrule appellant's first ground of error.

■ In his second ground of error, appellant complains that the trial court erred in allowing the prosecutor to comment on appellant's failure to testify. During jury argument at the punishment phase of trial, the following exchange took place:

> MR. MC CLELLAN [THE PROSECUTOR]: During this trial you know that the defendant has been given all those protections. He has been given the presumption of innocence, the right to trial by jury. He has been given the right to be represented by competent counsel. He has been given the right not to testify and not to have that held against him.
>
> MR. PATTERSON [DEFENSE COUNSEL]: Object to the comments of this defendant's right not to testify.
>
> THE COURT: That will be overruled.

It is now axiomatic that the state may not comment on the defendant's failure to testify. *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965); *Malloy v. Hogan*, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964). However, the prosecutor's argument in this case was merely a recitation of some of a defendant's rights at trial, not a comment on appellant's failure to testify. The state's argument was not improper. Appellant's second ground of error is overruled.

In his third ground of error, appellant argues that the trial court erred in permitting the prosecutor to question a witness at the punishment phase of trial as to the amount of appellant's bond, and in comparing that amount with bonds in other murder cases. The record reflects the jury heard testimony that appellant's bond was fifty thousand dollars, that the standard bond for murder was "around ten thousand

dollars" and that sixty percent of the bonds made for a murder charge were ten thousand dollars or less.

■ Appellant contends that permitting this testimony allowed the jury to speculate as to why appellant's bond was so high. He argues that this speculation was prejudicial to him. The state responded by saying the objection at trial was that the amount of the bond was immaterial and irrelevant. The state would have us overrule the ground of error as not preserved since the error on appeal is different from the error alleged at time of trial. The state further argues that *any* evidence that is relevant to mitigate punishment is admissible. We agree with appellant that the question was improper and allowed the jury to speculate on matters not in evidence. It was asked in an obvious attempt to prejudice the jury; however, we do not find that the jury was prejudiced or that appellant was harmed. Fifteen years is not an excessive punishment for the offense of murder; therefore, we find the error to be harmless. *See generally Prior v. State*, 647 S.W.2d 956 (Tex.Crim.App. 1983). Ground of error three is overruled.

Appellant complains in his fourth ground of error that the trial court failed to properly instruct the jury on the applicable law of the parties. He asserts that, in its charge, the court instructed the jury only in the abstract. However, a review of the record shows that the court's charge to the jury did in fact apply the law of the parties to the facts of this case. Appellant's fourth ground of error is contradicted by the record and is therefore overruled.

In his fifth ground of error, appellant challenges the trial court's admission of photographs of the deceased. Appellant contends the photographs had no probative value and were offered only to prejudice the jury. The record shows that the photographs were admitted in conjunction with the testimony of the medical examiner who performed the autopsy on the victim. The medical examiner testified as to the nature of the stab wounds depicted in the photographs. He further testified that the ab-

dominal stab wounds depicted in the photographs were, in his opinion, the cause of Jerome Johnson's death.

■ The general rule is that if a verbal description of the body is admissible, a photograph depicting the same is also admissible. *Harris v. State*, 661 S.W.2d 106 (Tex.Crim.App.1983) (en banc); *Martin v. State*, 475 S.W.2d 265 (Tex.Crim.App.) *appeal dismissed*, 409 U.S. 1021, 93 S.Ct. 469, 34 L.Ed.2d 312 (1972). The purpose of admitting photographs is to aid in interpreting and understanding the testimony adduced at trial. *Harris v. State*, 661 S.W.2d at 107; *Taylor v. State*, 491 S.W.2d 922 (Tex.Crim.App.1973). The Court of Criminal Appeals stated in *Harris* that "where pictorial evidence will help the jury to understand verbal testimony, such as the technical language used by a medical doctor in describing the injuries sustained by a victim of a crime, a trial judge does not abuse his discretion in admitting these photographs." *Harris v. State*, 661 S.W.2d at 107 (citations omitted). The trial court did not abuse its discretion in admitting the photographs. They were competent, material and relevant, and were not offered solely to inflame the minds of the jury. We find nothing wrong with the jury being able to see the results of a violent criminal act. Appellant's fifth ground of error is overruled.

In his sixth and seventh grounds of error, appellant asserts that the trial court erred in allowing the state to impeach two of its witnesses and in failing to instruct the jury on the limited use of prior inconsistent statements to impeach those witnesses.

Appellant complains the state was permitted to impeach John Tullos and Thomas Edwards. The state contends that neither Mr. Tullos nor Mr. Edwards was impeached. On direct examination, Mr. Tullos was at first unable to recall the color of appellant's shirt. The prosecutor then refreshed Mr. Tullos' memory with the statement he made to the police the day after the occurrence in question. With his present recollection refreshed by his prior

statements, Mr. Tullos testified that appellant wore a blue shirt.

Mr. Edwards testified, to the state's surprise, that the driver wore a blue shirt and had darker hair and the passenger wore a white shirt and had lighter hair. The prosecutor tendered to Mr. Edwards the statement he made to the police shortly after the incident. The statement indicated that the passenger wore a blue shirt and had darker hair. Mr. Edwards acknowledged that he made the statement and that it was correct, but his present recollection remained unrefreshed. The state then offered a true copy of the statement into evidence. It was admitted over defense counsel's objection.

The Court of Criminal Appeals stated the following in *Welch v. State*, 576 S.W.2d 638, 641 (Tex.Crim.App.1979):

> A witness testifies from present recollection what he remembers presently about the facts of the case. When that present recollection fails, the witness may refresh his memory by reviewing memorandum made when his memory was fresh. After reviewing the memorandum, the witness must testify either his memory is refreshed or his memory is not refreshed. If his memory is refreshed, the witness continues to testify and the memorandum is not received as evidence. However, if the witness states that his memory is not refreshed, but has identified the memorandum and guarantees the correctness, then the memorandum is admitted as past recollection recorded. (Citation omitted).

■ The *Welch* case controls both situations presented here. Mr. Tullos testified that his present memory was refreshed after he reviewed his statement. Mr. Edwards testified his present recollection was not refreshed by looking at his statement, but he acknowledged that the statement was his and that it was correct, and a true copy of this statement was admitted into evidence. The state properly followed the rules of evidence. *See also Guerra v. State*, 668 S.W.2d 707, 708 (Tex.

Crim.App.1984). Grounds of error six and seven are overruled.

■ Appellant complains in his eighth ground of error that the trial court erred in not allowing him the opportunity to impeach a state witness with a prior inconsistent statement. Counsel for appellant states that he attempted to impeach the testimony of state's witness Traver with his prior statement to the police, and he tried to introduce the prior statement into evidence. Objections to both the testimony and the prior statement by the state were sustained by the court. However, appellant failed to make a bill of exceptions and the prior statement of the witness is not a part of the record. This court has no indication of what question appellant's counsel would have asked the witness or what his answer would have been. Moreover, we have no way of knowing whether Mr. Traver's prior statement to the police was inconsistent with any of his previous testimony. Nothing is preserved for review. Tex.Code Crim.Proc.Ann. art. 40.09, subd. 6(d)(1) (Vernon Supp.1985); *Walker v. State*, 440 S.W.2d 653 (Tex.Crim.App.1969); *Graham v. State*, 631 S.W.2d 597 (Tex.App.—Fort Worth 1982, no pet.). Ground of error eight is overruled.

■ In his ninth ground of error, appellant argues that the trial court erred in denying appellant's requested charge on probable conditions of probation. However, appellant's requested charge stated that, if probation is recommended, the court could impose only the conditions listed in Article 42.12, Section 6 of the Texas Code of Criminal Procedure, but need not impose all of them. This is a misstatement of the law. The court may include, *but is not limited to*, the conditions of probation listed in Article 42.12, Section 6(a). The court's charge in this case is consistent with Article 42.12, Section 6(a). When a refused charge is adequately covered by the charge given, no harm is shown. *Viduarri v. State*, 626 S.W.2d 749 (Tex.Crim.App.1981). Appellant's ninth ground of error is overruled.

██ Appellant submits in his tenth and eleventh grounds of error that the trial court erred in denying a mistrial based on the state's improper jury arguments. The argument complained of is as follows:

MR. MC CLELLAN: When you are out there and you happen to observe a traumatic event, observe the situation where a person is established as the most important thing in your mind and that's going to be the height of that person or the weight of that person or the color of that person's hair, whether it be light or dark—

MR. PATTERSON: Object to this argument in that he is now trying to put the jury in the shoes of one of the witnesses.

THE COURT: Sustained.

MR. PATTERSON: Ask the jury be instructed to disregard.

THE COURT: The jury will disregard the last statement of the prosecutor and not consider it for any purposes.

MR. PATTERSON: Based on that argument, we move for a mistrial.

THE COURT: Denied.

We find that this argument is a proper comment on the main issue in this trial; *i.e.*, whether appellant or his companion killed Johnson. The witnesses' problems with shirt colors, height, weight, and color and length of hair were properly a subject of comment in closing argument. However, in the event it could have been construed as error, it was cured by the court when it sustained the objection and instructed the jury to disregard the argument. *Parr v. State,* 606 S.W.2d 928 (Tex. Crim.App.1980). The prosecutor's argument was not so inflammatory that it was incapable of being cured by the instruction. *Woods v. State,* 653 S.W.2d 1 (Tex.Crim. App.1982); *Dickson v. State,* 642 S.W.2d 185 (Tex.App.—Houston [14th Dist.] 1982, no pet.).

██ The argument complained of in appellant's eleventh ground of error was as follows:

MR. MC CLELLAN: Relatives place their faith in the judicial system that the right thing will be done; that the police will arrest the criminal; that the prosecutor will prosecute the criminal, and that the jury will render a verdict and that then, there will be punishment. Proper punishment in this case is not probation. Proper punishment is time in the Texas Department of Corrections because this is an unforgivable act. By giving the defendant probation in this case it is a word to the community that we, in effect, are condoning these types of actions.

MR PATTERSON: Object to that line of argument. It's not what the jury is telling anybody. The jury is to decide this case on the facts. Improper argument; highly prejudicial.

THE COURT: Sustained.

MR. PATTERSON: Ask the jury be instructed to not consider that argument for any purpose.

THE COURT: The jury will not consider that argument for any purpose.

MR. PATTERSON: Further, we would move the Court for a mistrial. The jury has heard it and it cannot be cured through instruction of the Court.

THE COURT: That will be denied.

Again, appellant's objection was sustained and the jury was instructed to disregard the argument. We hold that the argument was a proper plea for law enforcement and the objection could have been overruled without error. *See Williams v. State,* 607 S.W.2d 577 (Tex.Crim. App.1980). Appellant's tenth and eleventh grounds of error are overruled.

The judgment of the trial court is accordingly affirmed.