COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-278-CR
  
  
JOSE 
A. CARLOS VIVANCO                                                   APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
THE 371ST DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Jose A. Carlos Vivanco was charged with three counts of indecency with a child 
after his brother’s step-daughter by common law marriage, fifteen-year-old NM,[2] reported inappropriate behavior to the North Richland 
Hills Police Department. At trial, NM testified that after moving into her 
family’s apartment in December 2001, Appellant began entering NM’s room 
during the night. On several occasions, Appellant sat on NM’s bed and touched 
her breasts and genital area. The State additionally presented evidence that on 
one occasion, Appellant entered NM’s room holding his genitals outside his 
boxer shorts.
        A 
jury found Appellant guilty on two counts of indecency with a child by contact 
and one count of indecency with a child by exposure. The jury sentenced 
Appellant to ten years’ confinement on each count of indecency with a child by 
contact and five years’ confinement for indecency with a child by exposure, to 
run concurrently. In three points, Appellant challenges the legal and factual 
sufficiency of the evidence to support his conviction for indecency with a child 
by exposure and contends that the trial court erred by failing to declare a 
mistrial after the State stated in its closing argument on punishment that 
Appellant did not testify. We affirm.
Sufficiency of 
the Evidence
        In 
his first two points, Appellant contends that the evidence is legally and 
factually insufficient to support his conviction for indecency with a child by 
exposure because the State did not establish that Appellant exposed his genitals 
to NM. In reviewing the legal sufficiency of the evidence to support a 
conviction, we view all the evidence in the light most favorable to the verdict 
in order to determine whether any rational trier of fact could have found the 
essential elements of the crime beyond a reasonable doubt. Jackson v. 
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Burden v. State, 
55 S.W.3d 608, 612 (Tex. Crim. App. 2001). This standard gives full play to the 
responsibility of the trier of fact to resolve conflicts in the testimony, to 
weigh the evidence, and to draw reasonable inferences from basic facts to 
ultimate facts. Jackson, 443 U.S. at 319, 99 S. Ct. at 2789. When 
performing a legal sufficiency review, we may not sit as a thirteenth juror, 
re-evaluating the weight and credibility of the evidence and, thus, substituting 
our judgment for that of the fact finder. Dewberry v. State, 4 S.W.3d 
735, 740 (Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000).
        In 
reviewing the factual sufficiency of the evidence to support a conviction, we 
are to view all the evidence in a neutral light, favoring neither party. See 
Zuniga v. State, No. 539-02, 2004 WL 840786, at *4 (Tex. Crim. App. Apr. 21, 
2004). The only question to be answered in a factual sufficiency review is 
whether, considering the evidence in a neutral light, the fact finder was 
rationally justified in finding guilt beyond a reasonable doubt. Id. at 
*7. There are two ways evidence may be factually insufficient: (1) the evidence 
supporting the verdict or judgment, considered by itself, is too weak to support 
the finding of guilt beyond a reasonable doubt; or (2) when there is evidence 
both supporting and contradicting the verdict or judgment, weighing all of the 
evidence, the contrary evidence is so strong that guilt cannot be proven beyond 
a reasonable doubt. Id. “This standard acknowledges that evidence of 
guilt can ‘preponderate’ in favor of conviction but still be insufficient to 
prove the elements of the crime beyond a reasonable doubt.” Id. In 
other words, evidence supporting a guilty finding can outweigh the contrary 
proof but still be insufficient to prove the elements of an offense beyond a 
reasonable doubt. Id.
        In 
performing a factual sufficiency review, we are to give deference to the fact 
finder’s determinations, including determinations involving the credibility 
and demeanor of witnesses. Id. at *4; Cain v. State, 958 S.W.2d 
404, 407 (Tex. Crim. App. 1997). We may not substitute our judgment for that of 
the fact finder’s. Zuniga, 2004 WL 840786, at *4.
        A 
proper factual sufficiency review requires an examination of all the evidence. Id. 
at *7, 9. An opinion addressing factual sufficiency must include a discussion of 
the most important and relevant evidence that supports the appellant’s 
complaint on appeal. Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 
2003).
        Section 
21.11 of the Texas Penal Code defines the offense of indecency with a child by 
exposure as follows:
 
(a) 
A person commits an offense if, with a child younger than 17 years and not the 
person’s spouse, whether the child is of the same or opposite sex, the person:
 
(2) 
with intent to arouse or gratify the sexual desire of any person:
 
. 
. . .
 
(A) 
exposes the person’s anus or any part of the person’s genitals, knowing the 
child is present.

Tex. Penal Code Ann. § 21.11 (Vernon 
2003).
        NM 
testified that Appellant walked into her bedroom “holding himself,” which 
she defined as having “his hands down near his genitals.” NM also testified 
that she told her mother Appellant had “his genitals out.” Appellant argues 
that because NM did not testify at trial that she saw Appellant’s genitals or 
that his genitals were exposed, the evidence reflects only that Appellant was 
holding his genitals as opposed to exposing them. The State, on the other hand, 
contends that NM’s testimony that she told her mother that Appellant had 
“his genitals out” demonstrates that Appellant exposed his genitals, 
especially in light of the fact that NM did not disavow or contradict her 
statement to her mother. Furthermore, the evidence reveals that during NM’s 
police interviews, she described an incident of indecent exposure committed 
against her by Appellant. The police report filed in response to NM’s initial 
complaint includes an accusation of indecent exposure and North Richland Hills 
Detective Jimmy Smith testified that his investigation and interview with NM 
indicated that there was one instance of indecent exposure in NM’s bedroom.
        The 
fact finder is entitled to judge the credibility of the witnesses and may choose 
to believe all, some, or none of the testimony presented. See Chambers v. 
State, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). Viewing all the evidence 
in the light most favorable to the conviction, a rational trier of fact could 
find beyond a reasonable doubt that Appellant exposed his genitals in NM’s 
presence. Viewing all the evidence neutrally, the State’s evidence is neither 
so obviously weak nor so greatly outweighed by contrary proof as to undermine 
confidence in the jury's determination. We therefore conclude that the evidence 
supporting Appellant’s conviction for indecency with a child by exposure is 
factually and legally sufficient and overrule Appellant’s first and second 
points.
Comment on 
Appellant’s Failure to Testify
        In 
Appellant’s third point, he argues that the trial court erred in failing to 
declare a mistrial after the State, during jury argument of the punishment 
phase, stated that Appellant did not testify. In the punishment phase of the 
trial, the following statements took place during the State’s closing 
argument:
 
[State]: 
This is the punishment phase. This is the time for you to learn the good, the 
bad, and the ugly about a defendant. He doesn’t testify. You know that 
already. That’s in the charge.
 
[Defense 
Counsel]: Objection, Your Honor. She’s commenting on the --
 
THE 
COURT: Sustained.
 
[Defense 
Counsel]: Ask for a[n] instruction to disregard.
 
THE 
COURT: Jury will so disregard.
 
[Defense 
Counsel]: Pursuant to a mistrial, Your Honor.
 
THE 
COURT: Denied.
 
[State]: 
I ask you to look over the charge, and in this charge, it will tell you that you 
cannot hold it against him, and I ask you to not hold it against him if he 
doesn’t testify, whether it’s at guilt/innocence or here. That’s what 
makes our country great.
 
 
        To 
determine if a prosecutor’s comment constituted an impermissible reference to 
an accused’s failure to testify, we must consider whether the language used 
was manifestly intended or was of such a character that the jury would naturally 
and necessarily consider it to be a comment on the defendant’s failure to 
testify. Tex. Code Crim. Proc. Ann. 
art. 38.08 (Vernon 1979); see Bustamante v. State, 48 S.W.3d 761, 765 
(Tex. Crim. App. 2001); Fuentes v. State, 991 S.W.2d 267, 275 (Tex. Crim. 
App.), cert. denied, 528 U.S. 1026 (1999). The offending language must be 
viewed from the jury’s standpoint, and the implication that the comment 
referred to the accused’s failure to testify must be clear. Bustamante, 
48 S.W.3d at 765; Swallow v. State, 829 S.W.2d 223, 225 (Tex. Crim. App. 
1992). A mere indirect or implied allusion to the defendant’s failure to 
testify does not violate the accused’s right to remain silent. Patrick v. 
State, 906 S.W.2d 481, 490-91 (Tex. Crim. App. 1995), cert. denied, 
517 U.S. 1106 (1996). Except in the most blatant cases, an instruction to 
disregard a comment on an accused’s failure to testify will cure any 
prejudicial effect caused by the improper comment. Moore v. State, 999 
S.W.2d 385, 405 (Tex. Crim. App. 1999), cert. denied, 530 U.S. 1216 
(2000); Fuentes, 991 S.W.2d at 275.
        When 
the trial court sustains an objection and instructs the jury to disregard but 
denies a defendant’s motion for a mistrial, the issue is whether the trial 
court erred in denying the mistrial. Faulkner v. State, 940 S.W.2d 308, 
312 (Tex. App.—Fort Worth 1997, pet. ref’d) (en banc op. on reh’g). Its 
resolution depends on whether the court’s instruction to disregard cured the 
prejudicial effect, if any, of the improper argument. Id. In assessing 
the curative effect of the court’s instruction to disregard, the correct 
inquiry is whether, in light of the record as a whole, the argument was extreme, 
manifestly improper, injected new and harmful facts into the case, or violated a 
mandatory statutory provision and was thus so inflammatory that the instruction 
to disregard was ineffective. Wesbrook v. State, 29 S.W.3d 103, 115-16 
(Tex. Crim. App. 2000), cert. denied, 532 U.S. 944 (2001). If the 
instruction cured any prejudicial effect caused by the improper argument, a 
reviewing court should find that the trial court did not err. Dinkins v. 
State, 894 S.W.2d 330, 357 (Tex. Crim. App.), cert. denied, 516 U.S. 
832 (1995), Faulkner, 940 S.W.2d at 312. Only if the reviewing court 
determines the instruction was ineffective does the court go on to determine 
whether, in light of the record as a whole, the argument had a substantial and 
injurious effect or influence on the jury’s verdict. Tex. R. App. P. 44.2(b); King v. 
State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997).
        In 
the present case, the State’s remark was made in the context of discussing the 
court’s jury charge and simply restated what the jury was already told. The 
jurors were aware from their own observations that Appellant did not testify, 
and the trial court had already instructed the jury that Appellant’s election 
not to testify could not be used against him and that the jury could not allude 
to, comment on, or discuss Appellant’s election not to testify at the 
punishment phase. The State did not ask the jury to consider Appellant’s 
failure to testify in deliberating a verdict or ask the jury to draw a negative 
inference therefrom. To the contrary, the State reminded the jurors not to 
consider Appellant’s failure to testify. Thus, in this context, the State’s 
remarks did not amount to an improper comment on Appellant’s failure to 
testify. See Fuentes, 991 S.W.2d at 275; Bouchillon v. State, 540 
S.W.2d 319, 321-22 (Tex. 1976); Bullard v. State, 706 S.W.2d 329, 331 
(Tex. App.—Houston [14th Dist.] 1986, pet. ref’d); see also Whiting v. 
State, 797 S.W.2d 45, 48 (Tex. Crim. App. 1990) (stating State may quote or 
paraphrase the trial court’s jury charge as long as it does not misstate or 
make a statement contrary to the charge). The trial court, therefore, did not 
err in denying Appellant’s request for a mistrial. Appellant’s third point 
is overruled.
Conclusion
        Having 
overruled all of Appellant’s points of error on appeal, we affirm the trial 
court’s judgment.
  
 
                                                          PER 
CURIAM
  
  
PANEL 
F:   HOLMAN, J.; CAYCE, C.J.; and LIVINGSTON, J.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
August 5, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
To protect the privacy of the parties involved in this appeal, we identify the 
child by initials only.