VIVANCO V. STATE

                  

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-278-CR

JOSE A. CARLOS VIVANCO APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Jose A. Carlos Vivanco was charged with three counts of indecency with a child after his brother’s step-daughter by common law marriage, fifteen-year-old NM,
(footnote: 2) reported inappropriate behavior to the North Richland Hills Police Department.  At trial, NM testified that after moving into her family’s apartment in December 2001, Appellant began entering NM’s room during the night.  On several occasions, Appellant sat on NM’s bed and touched her breasts and genital area.  The State additionally presented evidence that  on one occasion, Appellant entered NM’s room holding his genitals outside his boxer shorts.

A jury found Appellant guilty on two counts of indecency with a child by contact and one count of indecency with a child by exposure.  The jury sentenced Appellant to ten years’ confinement on each count of indecency with a child by contact and five years’ confinement for indecency with a child by exposure, to run concurrently.  In three points, Appellant challenges the legal and factual sufficiency of the evidence to support his conviction for indecency with a child by exposure and contends that the trial court erred by failing to declare a mistrial after the State stated in its closing argument on punishment that Appellant did not testify.  We affirm. 

Sufficiency of the Evidence

In his first two points, Appellant contends that the evidence is legally and factually insufficient to support his conviction for indecency with a child by exposure because the State did not establish that Appellant exposed his genitals to NM.  
In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Burden v. State
, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001).  This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789.  When performing a legal sufficiency review, we may not sit as a thirteenth juror, re-evaluating the weight and credibility of the evidence and, thus, substituting our judgment for that of the fact finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party.  
See Zuniga v. State
, No. 539-02, 2004 WL 840786, at *4 (Tex. Crim. App. Apr. 21, 2004).  The only question to be answered in a factual sufficiency review is whether, considering the evidence in a neutral light, the fact finder was rationally justified in finding guilt beyond a reasonable doubt.  
Id
.
 at *7.  There are two ways evidence may be factually insufficient:  (1) the evidence supporting the verdict or judgment, considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt; or (2) when there is evidence both supporting and contradicting the verdict or judgment, weighing all of the evidence, the contrary evidence is so strong that guilt cannot be proven beyond a reasonable doubt.  
Id
.  “This standard acknowledges that evidence of guilt can ‘preponderate’ in favor of conviction but still be insufficient to prove the elements of the crime beyond a reasonable doubt.”  
Id
.  In other words, evidence supporting a guilty finding can outweigh the contrary proof but still be insufficient to prove the elements of an offense beyond a reasonable doubt.  
Id
. In performing a factual sufficiency review, we are to give deference to the fact finder’s determinations, including determinations involving the credibility and demeanor of witnesses.  
Id.
 
at *4; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for that of the fact finder’s.  
Zuniga, 
2004 WL 840786, at *4.  

A proper factual sufficiency review requires an examination of all the evidence.  
Id
. at *7, 9.  An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

Section 21.11 of the Texas Penal Code defines the offense of indecency with a child by exposure as follows: 

(a) A person commits an offense if, with a child younger than 17 years and not the person’s spouse, whether the child is of the same or opposite sex, the person:

(2) with intent to arouse or gratify the sexual desire of any person:

. . . .

(A) exposes the person’s anus or any part of the person’s genitals, knowing the child is present.

Tex. Penal Code Ann.
 § 21.11 (Vernon 2003).

NM testified that Appellant walked into her bedroom “holding himself,” which she defined as having “his hands down near his genitals.”  NM also testified that she told her mother Appellant had “his genitals out.”  Appellant argues that because NM did not testify at trial that she saw Appellant’s genitals or that his genitals were exposed, the evidence reflects only that Appellant was holding his genitals as opposed to exposing them.  The State, on the other hand, contends that NM’s testimony that she told her mother that Appellant had “his genitals out” demonstrates that Appellant exposed his genitals, especially in light of the fact that NM did not disavow or contradict her statement to her mother.  Furthermore, the evidence reveals that during NM’s police interviews, she described an incident of indecent exposure committed against her by Appellant.  The police report filed in response to NM’s initial complaint includes an accusation of indecent exposure and North Richland Hills Detective Jimmy Smith testified that his investigation and interview with NM indicated that there was one instance of indecent exposure in NM’s bedroom.

The fact finder is entitled to judge the credibility of the witnesses and may choose to believe all, some, or none of the testimony presented.  
See Chambers v. State
, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).  Viewing all the evidence in the light most favorable to the conviction, a rational trier of fact could find beyond a reasonable doubt that Appellant exposed his genitals in NM’s presence.  Viewing all the evidence neutrally, the State’s evidence is neither so obviously weak nor so greatly outweighed by contrary proof as to undermine confidence in the jury's determination.  We therefore conclude that the evidence supporting Appellant’s conviction for indecency with a child by exposure is factually and legally sufficient and overrule Appellant’s first and second points.    

Comment on Appellant’s Failure to Testify

In Appellant’s third point, he argues that the trial court erred in failing to declare a mistrial after the State, during jury argument of the punishment phase, stated that Appellant did not testify.  In the punishment phase of the trial, the following statements took place during the State’s closing argument:

[State]: This is the punishment phase.  This is the time for you to learn the good, the bad, and the ugly about a defendant.  He doesn’t testify.  You know that already.  That’s in the charge.  

[Defense Counsel]:  Objection, Your Honor.  She’s commenting on the --

THE COURT:  Sustained.

[Defense Counsel]:  Ask for a[n] instruction to disregard.

THE COURT:  Jury will so disregard.

[Defense Counsel]:  Pursuant to a mistrial, Your Honor. 

THE COURT:  Denied. 

[State]:  I ask you to look over the charge, and in this charge, it will tell you that you cannot hold it against him, and I ask you to not hold it against him if he doesn’t testify, whether it’s at guilt/innocence or here.  That’s what makes our country great.

To determine if a prosecutor’s comment constituted an impermissible reference to an accused’s failure to testify, we must consider whether the language used was manifestly intended or was of such a character that the jury would naturally and necessarily consider it to be a comment on the defendant’s failure to testify.  
Tex. Code Crim. Proc. Ann.
 art. 38.08 (Vernon 1979); 
see Bustamante v. State
, 48 S.W.3d 761, 765 (Tex. Crim. App. 2001); 
Fuentes v. State
, 991 S.W.2d 267, 275 (Tex. Crim. App.), 
cert. denied
, 528 U.S. 1026 (1999).  The offending language must be viewed from the jury’s standpoint, and the implication that the comment referred to the accused’s failure to testify must be clear.  
Bustamante
, 48 S.W.3d at 765; 
Swallow v. State
, 829 S.W.2d 223, 225 (Tex. Crim. App. 1992).  A mere indirect or implied allusion to the defendant’s failure to testify does not violate the accused’s right to remain silent. 
 Patrick v. State,
 906 S.W.2d 481, 490-91 (Tex. Crim. App. 1995), 
cert. denied
, 517 U.S. 1106 (1996).  Except in the most blatant cases, an instruction to disregard a comment on an accused’s failure to testify will cure any prejudicial effect caused by the improper comment. 
 Moore v. State
, 999 S.W.2d 385, 405 (Tex. Crim. App. 1999), 
cert. denied
, 530 U.S. 1216 (2000); 
Fuentes,
 991 S.W.2d at 275. 

When the trial court sustains an objection and instructs the jury to disregard but denies a defendant’s motion for a mistrial, the issue is whether the trial court erred in denying the mistrial.  
Faulkner v. State
, 940 S.W.2d 308, 312 (Tex. App.—Fort Worth 1997, pet. ref’d) (en banc op. on reh’g).  Its resolution depends on whether the court’s instruction to disregard cured the prejudicial effect, if any, of the improper argument.  
Id.  
In assessing the curative effect of the court’s instruction to disregard, the correct inquiry is whether, in light of the record as a whole, the argument was extreme, manifestly improper, injected new and harmful facts into the case, or violated a mandatory statutory provision and was thus so inflammatory that the instruction to disregard was ineffective.  
Wesbrook v. State,
 29 S.W.3d 103, 115-16 (Tex. Crim. App. 2000), 
cert. denied
, 532 U.S. 944 (2001).  If the instruction cured any prejudicial effect caused by the improper argument, a reviewing court should find that the trial court did not err.  
Dinkins
 
v. State
, 894 S.W.2d 330, 357 (Tex. Crim. App.),
 cert. denied
, 516 U.S. 832 (1995),
 Faulkner
, 940 S.W.2d at 312.  Only if the reviewing court determines the instruction was ineffective does the court go on to determine whether, in light of the record as a whole, the argument had a substantial and injurious effect or influence on the jury’s verdict.  
Tex. R. App. P. 
44.2(b); 
King v. State
, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997).

In the present case, the State’s remark was made in the context of discussing the court’s jury charge and simply restated what the jury was already told.  The jurors were aware from their own observations that Appellant did not testify, and the trial court had already instructed the jury that Appellant’s election not to testify could not be used against him and that the jury could not allude to, comment on, or discuss Appellant’s election not to testify at the punishment phase.  The State did not ask the jury to consider Appellant’s failure to testify in deliberating a verdict or ask the jury to draw a negative inference therefrom.  To the contrary, the State reminded the jurors not to consider Appellant’s failure to testify.  Thus, in this context, the State’s remarks did not amount to an improper comment on Appellant’s failure to testify.  
See Fuentes
, 991 S.W.2d at 275; 
Bouchillon v. State
, 540 S.W.2d 319, 321-22 (Tex. 1976); 
Bullard v. State
, 706 S.W.2d 329, 331 (Tex. App.—Houston [14th Dist.] 1986, pet. ref’d); 
see also Whiting v. State
, 797 S.W.2d 45, 48 (Tex. Crim. App. 1990) (stating State may quote or paraphrase the trial court’s jury charge as long as it does not misstate or make a statement contrary to the charge).  The trial court, therefore, did not err in denying Appellant’s request for a mistrial.  Appellant’s third point is overruled.

Conclusion

Having overruled all of Appellant’s points of error on appeal, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: HOLMAN, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  August 5, 2004

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
To protect the privacy of the parties involved in this appeal, we identify the child by initials only.