**Affirmed and Memorandum Opinion filed November 3, 2015.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-14-00454-CR

---

**BROGAN MELCHIOR, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 4**
**Harris County, Texas**
**Trial Court Cause No. 1848384**

---

## M E M O R A N D U M   O P I N I O N

In two related issues, appellant challenges her driving while intoxicated (DWI) conviction, complaining of the trial court's exclusion of testimony relevant to whether appellant was observed as required by law before receiving a breath alcohol test.[1] The jury found appellant guilty and assessed punishment at one year

---

[1] The Texas Administrative Code requires the operator of a breath alcohol test to observe the subject before administering the test as follows: "An operator shall remain in the continuous presence of the subject at least 15 minutes immediately before the test and should exercise

in county jail. The sentence was suspended, and appellant was placed on community supervision for 18 months. We affirm.

## *Background*

An officer observed appellant driving and stopped her for speeding. After DWI officers arrived and administered several field sobriety tests on appellant, she agreed to provide a specimen of her breath. She was transported to the police "central intox" station. She and two officers—Guerin and Lincoln—arrived at the station at 2:04 a.m., as indicated by the patrol unit video recording equipment.[2] Guerin could not remember whether he escorted appellant into a holding cell or an intoxication testing room. The evidence technician who administered the breath test testified that before it is administered, the subject must be observed for 15 minutes "to make sure that they don't burp or vomit or anything that could interfere with the breath test." He testified that he observed appellant for 15 minutes before testing her at 2:29 a.m.

Appellant's counsel called Lincoln as a witness. Lincoln could not remember any of the details regarding appellant's arrest and often referred to the police report during his testimony. Lincoln initially testified that appellant was placed into a holding cell for 15 minutes before she came in contact with the technician who administered the breath test, but then he said, "I don't remember if [the technician] was in the cell with [appellant]."

State's counsel subsequently conducted a voir dire examination of Lincoln. Lincoln admitted he "didn't remember the facts of th[e] case" without reading the

reasonable care to ensure that the subject does not place any substances in the mouth." 37 Tex. Admin. Code § 19.3(a)(1).

[2] Guerin was in training on the night of appellant's arrest, and Lincoln was a certified DWI investigator. During its case-in-chief, the State called Guerin as a witness but not Lincoln, who was no longer with the police force.

police report. Lincoln testified that even though it was the usual policy to place someone in a holding cell once they arrived at central intox, he did not remember putting appellant into a holding cell or whether she was in a holding cell for 15 minutes. The police report indicated that Lincoln put appellant into a holding cell but did not include the period of time that she was in the cell. The State objected to Lincoln's testimony regarding the amount of time appellant had been in the holding cell on the basis that Lincoln did not remember and had no personal knowledge of that detail. The trial court granted the objection and admonished the jury and Lincoln as follows:

> Ladies and gentlemen, before y['a]ll went out, the witness stated earlier that the defendant was in the holding tank for 15 minutes. That statement, alone, is stricken from the record. You are not to consider that. . . . And please let me instruct the witness: Only testify to things that you remember you did and observed, and nothing else.

## *Discussion*

In two issues, appellant challenges the trial court's exclusion of Lincoln's testimony that appellant had been in the holding cell for 15 minutes. Appellant contends that this testimony, if true, would mean the required observation period had not transpired before the breath test was administered. Appellant argues in her second issue that the trial court abused its discretion in excluding the testimony.[3]

We review a trial court's decision to admit or exclude evidence for an abuse of discretion; we will not reverse the decision if it is within the zone of reasonable disagreement. *See Tillman v. State*, 354 S.W.3d 425, 435 (Tex. Crim. App. 2011). A witness may not testily to a matter about which he lacks personal knowledge. Tex. R. Evid. 602. Rule of Evidence 602, entitled "Need for Personal Knowledge," provides in pertinent part, "A witness may testify to a matter only if evidence is

---

[3] As discussed below, we do not reach appellant's first issue.

introduced sufficient to support a finding that the witness has personal knowledge of the matter." *Id*.

The context of Lincoln's testimony indicates that he did not have personal knowledge that appellant was in the holding cell for 15 minutes before coming into contact with the evidence technician. During defense counsel's direct examination of Lincoln, Lincoln stated that appellant was in the holding cell for 15 minutes. He did not remember if the evidence technician was in there with appellant but testified that "[i]t's not normal for the evidence technician to be in the holding cell." On voir dire, Lincoln clarified that even though it was the usual policy to place someone into a holding cell once they arrived at central intox, he did not remember doing so with appellant or how long she was in there. The police report did not include any information regarding the length of time appellant was in the holding cell. In response to the question, "Do you know whether or not the defendant was in a holding cell for 15 minutes once she got to Central Intox?" Lincoln replied, "No, because I can't remember." He further testified, "I can't remember about anything unless I look at the report, honestly." Lincoln testified that the only reason he knew he put appellant into a holding cell was because it was in the police report.

The State requested at that point during voir dire for the jury to be instructed to disregard Lincoln's testimony regarding the amount of time appellant was in the holding cell and requested that the testimony be stricken from the record on the basis that Lincoln did not have personal knowledge as to the amount of time appellant was in the holding cell. The trial court sustained the objection as follows: "I'm not going to let him testify to something that he doesn't remember and doesn't know." The trial court subsequently admonished the jury to disregard Lincoln's statement "that the defendant was in the holding tank for 15 minutes"

4

and struck the statement from the record.

We conclude that the trial court did not abuse its discretion in excluding the testimony because, from the context of the record, it was not based on Lincoln's personal knowledge. He had no memory of placing appellant into a holding cell or of the period of time that she was in there. *See Oliver v. State*, 32 S.W.3d 300, 304 (Tex. App.—San Antonio 2000, pet. ref'd) (acknowledging lack of memory of event is also lack of personal knowledge). Although an officer on the witness stand may refresh his memory by reviewing a police report he made when his memory was fresh, *see Guerra v. State*, 676 S.W.2d 181, 183 (Tex. App.—Corpus Christi 1984, pet. ref'd), there was no information in the police report indicating the length of time appellant was in the holding cell.[4]

Appellant argues, however, that the State's objection to the testimony was not timely. Lincoln initially testified that appellant was in the holding cell for 15 minutes and that the evidence technician was not with him. The State objected that testimony was based on hearsay, presumably because Lincoln was referring to the police report. The trial court responded to Lincoln, "[J]ust answer to what you actually know and remember. Don't speculate, don't guess, don't assume. Just

---

[4] The parties debate whether the information in the police report was hearsay because it did not refresh Lincoln's memory. Testimony based solely on a police report that does not refresh the officer's memory is inadmissible. *See Guerra*, 676 S.W.2d at 183 (noting officer testimony that "was not based upon a refreshed memory" but "was based totally upon the report itself" was inadmissible). The police report could be offered as a recorded recollection to be read into the record if certain prerequisites are met, but appellant did not offer the police report into evidence under this hearsay exception. *See* Tex. R. Evid. 803(5) (providing exception to hearsay rule for recorded recollections to be read into record on matters that "witness once knew about but now cannot recall well enough to testify fully and accurately" if certain prerequisites are met); *see also Guerra*, 676 S.W.2d at 183 (noting even though police report "could have been admitted as a past recollection recorded, the State did not undertake those steps necessary to properly do so"). We note that although public records generally are not hearsay, police reports are. *See* Tex. R. Evid. 803(8)(B); *Baker v. State*, 177 S.W.3d 113, 122 (Tex. App.—Houston [1st Dist.] 2005, no pet.).

answer what you know. That's all we need you to do." Lincoln then testified that he did not remember whether the evidence technician was with appellant.

Appellant's counsel subsequently elicited testimony from Lincoln regarding when appellant was taken out of the police car and when the breath test started:

Q. She's still in the car, right?

A. Yes, sir.

Q. So, obviously, she's not in a holding cell yet, right?

A. Yes, sir.

Q. And, obviously, she's not in a breath test room being observed by [the evidence technician yet], is she?

A. No, sir.

Q. Okay. And then you said—you told the jury a couple of minutes ago that she was in the holding cell for about 15 minutes—

At that point, State's counsel interjected, and asked to conduct a voir dire examination of Lincoln, which established that Lincoln had no memory of what transpired. We conclude on these facts that the State lodged a timely objection. State's counsel continually objected to Lincoln's testimony that appellant was in the holding cell for 15 minutes based on Lincoln's lack of memory, and the trial court sustained that objection. As soon as appellant's counsel referred back to that testimony, State's counsel requested to conduct a voir dire examination, which established that Lincoln did not know how long appellant was in the cell. The State objected once Lincoln's lack of knowledge was established. Thus, the State's objection was timely. *See McLean v. State*, 312 S.W.3d 912, 915 (Tex. App.—Houston [1st Dist.] 2010, no pet.) ("An objection is timely when it is made at the earliest possible opportunity."). Because the trial court did not abuse its discretion

in excluding Lincoln's testimony and the State lodged a timely objection, we overrule appellant's second issue.[5]

We affirm the judgment of the trial court.

Martha Hill Jamison
Justice

Panel consists of Chief Justice Frost and Justices Jamison and Busby.
Do Not Publish — TEX. R. APP. P. 47.2(b).

---

[5] Accordingly, we need not reach appellant's first issue, complaining that the trial court did not instruct the jury to resolve a fact issue involving whether the observation period was observed. Appellant argues the jury should have been able to determine whether the observation period was observed because when there is a fact question on this issue, a DWI defendant is entitled to an instruction that the jury must disregard the test if it believes or has a reasonable doubt as to whether the observation period was conducted. *See Adams v. State*, 67 S.W.3d 450, 453 (Tex. App.—Fort Worth 2002, pet. ref'd). Because the trial court did not abuse its discretion in excluding Lincoln's testimony as to the observation period, there is no fact issue for the jury to resolve.